# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Jose Gildardo MORENO<br><br>Defendant, | Case No.: '21 MJ0098<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 21, U.S.C., Secs. 952 and 960 -<br>Importation of Controlled Substances<br>(Felony) |

The undersigned complainant being duly sworn states:

On or about January 11, 2021, within the Southern District of California, defendant, Jose Gildardo MORENO, did knowingly and intentionally import 500 grams and more, to wit: approximately 20.14 kilograms (44.40 pounds), of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Ramon A. Galindo, CBP Enforcement Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1 on January 13, 2021.

HON ALLISON H. GODDARD
U.S. MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On January 11, 2021, at approximately 12:47 PM, Jose Gildardo MORENO (Defendant), applied for entry into the United States from Mexico through the San Ysidro, CA Port of entry vehicle primary lane #23. Defendant was the driver and sole visible occupant of a gold 2000 GMC Sierra bearing California license plates. Upon Inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented his U.S. Passport bearing his name and photograph and stated he was on his way to Chula Vista, CA with nothing to declare from Mexico. The CBP Officer elected to refer Defendant and vehicle into secondary inspection due to a computer generated referral.

In secondary, while waiting to be screened through the Z-Portal (X-Ray), A Canine Enforcement Officer (CEO) and his narcotic and human detection dog (NHDD) screened Defendant's vehicle. The CEO stated his NHDD alerted to a trained odor emitting from the rear of the vehicle. The CEO advised a CBP Officer of the alert.

Defendant requested not to drive his vehicle through the X-Ray machine and was subsequently sent to soft secondary.

A CBP Officer scanned Defendant's vehicle through the Z-Portal X-Ray machine and stated he observed anomalies concealed within the spare tire of the vehicle.

To further the narcotic smuggling conspiracy, at approximately 1:49 P.M., Defendant was allowed to leave the San Ysidro, CA Port of Entry under law enforcement surveillance.

Homeland Security Investigations (HSI) Special Agents (SA) observed Defendant take the first exit off I-805, and parked the vehicle on San Ysidro Blvd where he made multiple phone calls. Defendant exited the vehicle, locked the door from the outside and walked away from the vehicle. Defendant walked back south into Mexico at approximately 2:15 PM. To further the narcotic smuggling conspiracy Defendant was not arrested at the time. SA's continued surveillance on the vehicle until approximately 6:00 PM.

At approximately 6:15 PM, a tow company was summoned to assist in towing the vehicle back to the port of entry for processing. A CBP Officer removed and seized 30 packages from the vehicle. The packages had a net weight of 20.14 kgs. (44.40 lbs.) which field tested positive for the properties of methamphetamine.

On January 12, 2021, at approximately 6:18 P.M., Defendant applied for entry into the United States from Mexico through the San Ysidro, CA Port of Entry, pedestrian entrance. Upon Inspection before a CBP Officer, Defendant stated he was on his way to Chula Vista, CA with nothing to declare from Mexico. Defendant was referred into secondary inspection due to a generated referral.

At approximately 8:25 P.M., Defendant was advised of his Miranda Rights. Defendant elected to waive his right to counsel and gave the following statement. Defendant denied knowledge of narcotics in the spare tire of the vehicle he was driving but admitted it did cross his mind that the vehicle could possible contain contraband. Defendant stated when getting into the vehicle he inspected the seats and around the tire well in search for packages with drugs.